WALLICH ICE MACHINE CO. v. HANEWALD.

1. SALES — REFRIGERATION EQUIPMENT — CONTRACTS — QUESTION OF FACT.
    Whether or not drawing of a cross section of cooler was a part of contract of sale of refrigeration equipment *held,* question of fact under record.

2. SAME—SET-OFF AND RECOUPMENT—QUESTION FOR JURY—REFRIGER-
ATION EQUIPMENT—DRIP PANS.

    In action of assumpsit to recover amount due on notes given in
    payment for refrigeration equipment and charge for servicing
    same, question of recoupment for failure to install plant in
    accordance with contract *held*, for jury where there is evidence
    showing drip pans beneath cooling apparatus failed to function
    either because improperly constructed or installed and buyer
    gave notice of such defect within year embraced in guarantee
    against defective workmanship and materials.

3. SAME—SUPPORT BEAMS—CONTRACTS—DAMAGES—LACHES.

    Buyer of refrigeration equipment *held*, not entitled to recoup-
    ment because wooden, instead of iron, beams were used to sup-
    port the equipment, where, even if it was plaintiff's duty to
    provide such beams there is no proof of damages and no com-
    plaint was made therefor until action to recover balance due
    on notes was commenced nearly four years later.

4. SAME—LOSS OF MEATS—CONTRACTS—LACHES.

    In action to recover amount due on notes and for servicing re-
    frigeration equipment plaintiff had sold defendant, latter *held*,
    not entitled to recoup loss sustained on spoiled meat because
    of failure of plant to properly function where contract ex-
    pressly relieved seller from consequential damages and claim
    was not made therefor before framing defense about four
    years later.

Appeal from Washtenaw; Sample (George W.), J.
Submitted April 8, 1936. (Docket No. 20, Calendar
No. 38,340.) Decided June 4, 1936.

Assumpsit by Wallich Ice Machine Company, a
Michigan corporation, against Herman A. Hanewald
on promissory notes. Recoupment for improper in-
stallation of refrigeration equipment and other loss.
From verdict and judgment for plaintiff in alleged
insufficient amount, it appeals. Reversed, with new
trial.

*Lindley, Delaney & Worsham,* for plaintiff.

*Frank B. DeVine,* for defendant.

NORTH, C. J.  The issue presented by this appeal is the right of defendant and appellee to assert set-off or recoupment.  Plaintiff brought suit in assumpsit and admittedly was entitled to recover at least $475 (the amount found by the jury) unless the amount otherwise due it was reduced by set-off or recoupment.  On trial by jury plaintiff had verdict and judgment for $125.  It has appealed and asserts that defendant was erroneously allowed his alleged counterclaim.

The litigation arises from the purchase of a refrigeration plant by defendant from the plaintiff corporation on March 7, 1930.  The price of $2,025 was payable in installments within 12 months.  There was default in payments and on March 20, 1932, defendant executed and delivered to plaintiff for the unpaid portion of the purchase price a series of notes, the last one being payable June 20, 1932. These notes, in the principal sum of $475, being past due, plaintiff instituted suit February 20, 1934. Plaintiff also included in this suit a charge of $41.80 for servicing the refrigeration apparatus.

Affirmative relief was pleaded.  We quote from defendant's answer:

"The said plaintiff did not perform its contract with this defendant in installing a certain ice machine and that said ice machine was not properly installed as called for in said contract and that by reason thereof there was a partial failure of consideration of the note so executed and that because of the plaintiff's failure to properly perform said contract this defendant has been damaged in a large sum, greatly in excess of the amount due under said notes as more fully set forth hereafter in this answer. * * *

"This defendant answering further said declaration by way of claiming affirmative relief and set-off

and recoupment alleges as follows: * * * The plaintiff was also to furnish and erect new baffle and insulated drip pans arranged for mechanical refrigeration.''

Defendant alleges violation of the provisions of the contract for insulation of drip pans and that in consequence thereof the refrigerating plant has failed to work properly and has resulted in defendant losing meat of the value of $200 which was placed in the refrigerating plant.

Appellant asserts that as a matter of law neither of these items of alleged defense was open to defendant because of the express provisions in the contract (particularly the italicized portions) for the purchase of the refrigerating equipment, which we quote in part:

''The company proposes to furnish and install in the premises of the purchaser, refrigerating apparatus as described in the specifications attached hereto, * * * subject to the provisions herein provided. * * *

''The company guarantees against defects in material or workmanship all apparatus manufactured by the company and furnished under this contract, and will replace f. o. b. New Brunswick, N. J., or Chicago, Ill., any such part found to be defective in material or workmanship within one year from date of shipment. *The company, however, shall not be responsible for any consequential damages or loss of refrigerant resulting from any such defect.* Repairs and adjustments resulting from carelessness or inattention on the part of the purchaser to be at his expense. * * *

''The company will furnish the necessary coils to cool the following units provided insulation of units is suitable for temperatures specified and is approved by the company (units being a refrigerator and two counters). * * *

"The company will furnish and erect new baffles and insulated drip pans arranged for mechanical refrigeration. * * *

"The company will furnish automatic control equipment which will start and stop the operation of the plant at predetermined high and low temperatures in unit No. 1 (refrigerator)."

## "Installation.

"This plant is to be installed· in the premises· of H. Hanewald, Manchester, Mich. * * *

"Proper foundations for machinery will be furnished by the company, who will also furnish necessary studs or supports for condenser. ·* * *

"*The purchaser will put the refrigerators in proper condition to receive piping, and furnish coil supports (studs or level bunker racks), air ducts, drains and gutters,* and will prepare the premises and provide proper size openings in building to receive the plant, so that the company may proceed without delay with the installation. * * *

"*Upon completion of the installation the company will operate the plant for three days as a test run,* furnishing a competent engineer, the purchaser agreeing to furnish prior to and during the test run, all necessary power, * * * and a man to be instructed by the company's engineer in the care and operation of the plant.

"*If, on the completion of the test run, the plant meets the requirements of this contract, it shall be accepted by the purchaser in full discharge of all agreements herein contained on the company's part (except a guarantee as to workmanship and material, which shall continue in force for one year) and the plant shall be accepted by the purchaser unless the purchaser notifies the company, in writing, at the company's office in Detroit, Mich., within ten days after the completion of the test run, that it fails to meet the requirements of this contract, and the com-*

*pany shall then have reasonable time to make neces-
sary repairs and adjustments. Should the company
then fail to make the plant meet the specifications
herein contained, the purchaser shall allow the com-
pany to remove the plant from his premises, and will
accept refund of any money previously paid by him
to the company as full discharge to the company of
its obligations herein contained."*

After defendant signed plaintiff's proposed con-
tract it was approved by plaintiff and thereupon re-
turned to defendant. Defendant testified that when
he received by mail the executed contract there was
contained in the envelope with the contract exhibit 2;
and defendant insists exhibit 2 should be considered
as a specification or drawing constituting a part of
the contract. Plaintiff protests against exhibit 2
being so considered, pointing out that it is not re-
ferred to or made a part of the contract and was
never brought to defendant's attention until after
he had signed the proposed contract. Exhibit 2 is a
pencil drawing and labeled:

"Cross Section of Cooler
Hanewald Market
Manchester.
Scale ½" = 1' 0'"

From this drawing it appears that construction
contemplated use of "four-inch iron beams" as sup-
port for the cooling apparatus; and also two-inch
cork board insulation in the drip pans to be installed.
Admittedly iron beams were not used, but instead
4 x 8 wooden beams; and the testimony discloses that
cork board insulation was not used but some sub-
stitute material, and the drip pans warped and were
not satisfactory.

Whether exhibit 2 should be considered a part of
the contract was a question of fact under this record.

But for the purpose of our present decision it may be wholly disregarded. The essential facts appear from other testimony. The primary question is: Was there testimony of plaintiff's failure to install this plant in accordance with contract requirements in consequence of which failure defendant is entitled to recoupment? As hereinbefore noted, the contract specifies:

"The company (plaintiff) guarantees against defects in material or workmanship all apparatus manufactured by the company and furnished under this contract. * * *

"The company will furnish and erect new baffles *and insulated drip pans arranged for mechanical refrigeration.* * * *

"The 'guarantee as to workmanship and material * * * shall continue in force for one year.' "

In the main the trouble defendant has had with this refrigerating plant seems to have resulted from the failure of the drip pans to properly function. Defendant complained to plaintiff in this particular within the year covered by plaintiff's guarantee. This refrigerating plant was installed in the upper portion of a cooling room 20 feet long and 12 feet wide. The drip pans were constructed of two layers of tongued and grooved lumber with insulation between and covered on top or lined with sheet iron. These pans are suspended underneath the cooling apparatus and are designed to collect and carry off the condensation. It is plaintiff's contention that the reason the drip pans gave trouble in overflowing instead of carrying off the condensation was that defendant did not properly operate the refrigeration plant. But there is abundance of testimony that the failure of the drip pans to function was either improper installation or improper construction. We

may pass entirely defendant's complaint that these drip pans were not insulated with cork between the two layers of boards, because that specification appears only in exhibit 2. But entirely aside from this it appears that the drip pans warped and failed to function properly. Even after the year of plaintiff's guarantee expired, it undertook by installing angle irons to overcome the difficulty with the drip pans. It is worthy of note that plaintiff did this at its own expense. Notwithstanding the effort to overcome the unsatisfactory operation of the plant in consequence of trouble with the drip pans, there is testimony that the use of the angle irons "didn't cure all the trouble. It didn't help any." On cross-examination of one of plaintiff's witnesses it was made to appear that the cost of installing or replacing this portion of the refrigerating apparatus would be approximately $150.

We think that this record, in the manner hereinbefore indicated, presented a question of recoupment for the determination of the jury. Therefore, the trial court was not in error in denying plaintiff's motion for a directed verdict at the close of defendant's proof, or in subsequently denying plaintiff's motion for judgment *non obstante veredicto*.

Because the case must be remanded for retrial we give consideration to the following questions presented upon this appeal:

Defendant asserts right of recoupment on the ground that incident to the installation of this refrigerating equipment, and as supports therefor, 4 x 8 wooden beams were used instead of four-inch iron beams. We pass plaintiff's claim that under the terms of the contract, which in this respect are rather uncertain and indefinite, the duty of installing these four supporting beams was that of defendant rather than of plaintiff. Even if we assume that plaintiff's

contract required it to provide four-inch iron beams, still its failure to do so under the circumstances in this case does not give defendant a right of recoupment. In the first place, there is no testimony that the plant supported by wooden beams is not just as good as though supported by iron beams. In other words there is no proof of damages. And further, it necessarily appears from this record that the character of the construction was known to defendant at the time and ever since this refrigerating plant was installed in March, 1930, and yet no claim was made that he ever complained about this method of construction until it was done in preparing the defense in this case, substantially four years later. After having knowingly accepted this phase of the construction or installation and having failed to make anything like a reasonably prompt objection thereto, it is now too late for defendant to assert this particular item of recoupment. It savors too much of an afterthought. *Schwartz Showell Corp.* v. *Bonfiglio*, 261 Mich. 407; *Abram* v. *Arrighini*, 251 Mich. 509.

As hereinbefore noted, defendant also attempts to assert as recoupment loss of meats placed in the refrigerating plant to the amount of approximately $200. Here again defendant is decidedly tardy in urging this claim against plaintiff. The record is devoid of testimony that he made any claim for damage of this character to plaintiff prior to framing his defense to this suit. But aside from the foregoing, conclusively defendant cannot assert this item as a recoupment because of the expressed provisions of the contract under which he purchased the refrigerating apparatus. The contract provision is:

"The company, however, shall not be responsible for any consequential damages or loss of refrigerant

resulting from any such defect'' (in materials or workmanship).

Clearly this particular item of recoupment asserted by defendant comes within the foregoing provision of the contract which he made with plaintiff, and he is not entitled to benefit by the asserted recoupment.

For the reasons hereinbefore indicated the judgment entered in the circuit court must be vacated and a new trial ordered.   Costs of this court to appellant.

Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred.   Potter, J., took no part in this decision.