McCOIG MATERIALS, LLC v GALUI CONSTRUCTION, INC

Docket No. 301599. Submitted February 15, 2012, at Detroit. Decided
    March 15, 2012, at 9:05 a.m.

    McCoig Materials, LLC, brought an action in the Macomb Circuit
    Court against Galui Construction, Inc., and Ohio Casualty Insur-
    ance Company (which provided a performance bond), seeking to
    recover for Galui's alleged breach of contract and to collect on the
    performance bond for Galui's purported failure to pay for concrete
    ordered from McCoig and delivered to Galui under the terms of an
    open-account contract between McCoig and Galui. The contract
    required Galui to notify McCoig in writing of any defect in
    materials or nonconformity to specifications within 15 days from
    receipt of the materials and of any yield complaints within 48
    hours after receipt, and required any action to be brought within
    one year of the delivery of the materials. Between August 5, 2008,
    and September 18, 2008, McCoig furnished concrete to Galui for
    work performed on a project in the city of Center Line. Galui did
    not notify McCoig of any defects and did not file a lawsuit within
    one year after the materials were supplied. Between November 1,
    2008, and December 3, 2008, McCoig delivered concrete to Galui
    for work on a project in the city of Warren. Galui allegedly failed to
    pay for the concrete supplied for the Warren project. On April 1,
    2010, McCoig filed this action seeking to compel payment of the
    balance due for the Warren project. On April 30, 2010, Galui filed
    an answer, affirmative defenses, and a counterclaim. In its affir-
    mative defenses Galui asserted that it was entitled to offsets,
    backcharges, and costs incurred to correct defective concrete
    provided by McCoig. Galui's counterclaim asserted breach of
    contract and breach of warranty arising from allegedly defective
    concrete materials furnished for the Center Line project. McCoig
    moved for summary disposition of Galui's counterclaim, relying on
    the one-year limitations period in the contract, and for summary
    disposition with regard to its complaint, alleging that there were
    no disputed issues of material fact. The court, Donald G. Miller, J.,
    entered an order dismissing Galui's counterclaim and denying
    summary disposition with regard to McCoig's complaint without
    prejudice. McCoig again moved for summary disposition, asserting
    that there was no genuine issue of material fact regarding Galui's

obligation to pay for the materials for the Warren project, noting that Galui accepted the goods without objection. Galui responded, contending that there were genuine issues of material fact regarding the outstanding balance, but not raising an issue regarding any alleged defective concrete. The court denied the motion, stating that the dismissal of Galui's counterclaim did not preclude Galui from asserting its potential costs to replace the defective concrete on the Center Line project as a defense to McCoig's claim for breach of contract on the Warren project. The court stated that Galui's ability to assert recoupment as a defense necessarily created a question of fact regarding the balance due McCoig. McCoig moved for reconsideration, challenging the court's decision to raise sua sponte the defense of recoupment and alleging that the doctrine of recoupment did not apply because it only applied to debts arising from the same transaction. The court denied the motion for reconsideration, stating that because Galui ordered materials for both projects under a single contract, recoupment applied. The court stated that the mere fact that Galui had separate contracts with Warren and Center Line for the projects did not transform McCoig's delivery of materials to Galui under one contract into separate contracts with Galui. The court held that the failure to plead recoupment as an affirmative defense could be cured by amendment, and deemed Galui and Ohio Casualty to have so amended their affirmative defenses. The Court of Appeals granted McCoig's application for leave to appeal.

The Court of Appeals *held*:

1. A claim for recoupment must be premised on the same contract or transaction. The categorization of the parties' agreement as a single contract or an open account is not determinative. The claim for recoupment by the defendant must be premised on the same transaction raised in the plaintiff's complaint, and the defendant must prove that the plaintiff is in breach of the contract from which the defendant seeks recoupment. When a defendant accepts goods or construction without timely objection or reservation, the defendant is barred from raising the recoupment defense.

2. The trial court erred by denying McCoig's second motion for summary disposition by raising sua sponte the recoupment defense. The plain language of the contract reveals that, although it is an open-account contract, the transactions were to be treated as discrete events or separate transactions. Galui did not timely raise an objection to the materials provided in the Center Line project and the contract set forth a one-year period of limitations. Additional deliveries did not extend the limitations period. It would render nugatory the provision of the contract containing a 15-day

requirement regarding notice of defects if Galui was permitted to raise the issue of any alleged defects in the Center Line project in this litigation involving the Warren project. The purpose of recoupment, to prevent a multiplicity of suits, would not be served because any issues regarding the alleged defects in the Center Line project would rely on separate and distinct evidence. The trial court erred by denying McCoig's second motion for summary disposition on the basis of recoupment. The order denying the second motion for summary disposition is reversed and the case is remanded to the trial court for further proceedings

Reversed and remanded.

CONTRACTS — BREACHES OF CONTRACT — RECOUPMENT.

A claim for recoupment must be premised on the same contract or transaction; the categorization of the parties' agreement as a single contract or an open account is not determinative; the claim must be premised on the same transaction raised in the plaintiff's complaint and the defendant must prove that the plaintiff is in breach of the contract from which the defendant seeks recoupment; the defendant is barred from raising the recoupment defense when the defendant accepts goods or construction without timely objection or reservation; once a party accepts a particular phase of construction, it cannot utilize the defense of recoupment.

*Finkel Whitefield Selik* (by *David E. Sims* and *Daniel G. LeVan*) for McCoig Materials, LLC.

*Frasco Caponigro Wineman & Scheible, PLLC* (by *J. Christian Hauser* and *Jonathan D. Ordower*), for Galui Construction, Inc., and Ohio Casualty Insurance Company.

Before: SAAD, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM. In this action alleging breach of contract, plaintiff, McCoig Materials, LLC, appeals by leave granted the trial court's order denying its second motion for summary disposition. The trial court denied this motion for summary disposition and plaintiff's motion for reconsideration, holding that defendant,

Galui Construction, Inc.,[1] was entitled to raise the affirmative defense of recoupment. We reverse and remand for proceedings consistent with this opinion.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff filed this litigation to recover for defendant's alleged breach of contract and to collect on the performance bond (provided by Ohio Casualty Insurance Company) for defendant's purported failure to pay for concrete ordered and delivered pursuant to an open-account contract. Plaintiff operates a business manufacturing and selling concrete materials for use in construction projects. Plaintiff receives orders from specific customers for an exact amount of concrete material to be delivered to a particular job site. Plaintiff's employees deliver the concrete to the job site in accordance with the purchaser's instructions. After the material is delivered to the job site, the employee gives a delivery ticket to the purchaser and provides a carbon copy of the delivery ticket to plaintiff's accounting department. After obtaining the delivery ticket, the accounting department creates an invoice for all materials delivered that day and mails the purchaser the invoice. At the end of each month, a statement of account is created that delineates all charges for materials, payments by the purchaser, and any credits issued.

---

[1] Plaintiff also named as a defendant the provider of the performance bond, Ohio Casualty Insurance Company. However, Ohio Casualty's liability would be as the bond provider and, accordingly, throughout this opinion, "defendant" refers to Galui Construction only. In addition, plaintiff's initial motion for summary disposition sought, in part, dismissal of Galui Construction's counterclaim. The trial court dismissed the counterclaim, and it is not an issue in this appeal. Thus, for ease of reference, we will refer to McCoig Materials only as "plaintiff" and Galui Construction only as "defendant."

Defendant performs concrete construction work. On February 7, 2007, plaintiff entered into a contract with defendant for the sale of concrete materials on a revolving basis. The contract provided that the goods were furnished to defendant on an open-account basis, but if defendant failed to pay, the account would be modified to require cash on delivery until the account was made current. The contract between the parties provided, in relevant part:

> This is a contract to obtain materials on open account from . . . McCoig Materials, LLC ("McCoig"). Buyer understands and expressly acknowledges that it is executing this Agreement with McCoig for the purchase of concrete materials on open account (McCoig shall be referred to as a *Seller* throughout this Agreement). . . .

> \* \* \*

> 7. **Defects/Limitation of Liability:** Notice of any defect in materials or nonconformity to specifications shall be made in writing within 15 days from receipt of such materials, after which any such claim for such defect or nonconformity shall be deemed waived, except that yield complaints must be made in writing no later than 48 hours after receipt of materials. Seller's liability for such defective or nonconforming materials shall be limited, under any theory of law, to their replacement or refund of the purchase price. Seller shall have the right to inspect and satisfy itself as to the validity of any such claims. Seller shall have no responsibility for damage or shortage of any materials unless such damage or shortage is noted on the delivery ticket and materials claimed to be damaged are held and made available for Seller's inspection. IN THE CASE OF ALL CLAIMS MADE AGAINST SELLER, INCLUDING BUT NOT LIMITED TO CLAIMS FOR FAILURE OR DELAY IN DELIVERY, SELLER SHALL IN NO EVENT BE LIABLE FOR ANY LOSS [SIC] PROFITS, SPECIAL OR CONSEQUENTIAL DAMAGES. NO ACTION, REGARDLESS OF FORM, ARISING OUT OF THE

TRANSACTIONS UNDER THIS AGREEMENT MAY BE BROUGHT BY BUYER MORE THAN ONE YEAR AFTER THE MATERIALS SUPPLIED PURSUANT TO ANY ORDER UNDER THIS AGREEMENT HAVE BEEN DELIVERED.

SELLER DISCLAIMS ANY AND ALL WARRANTIES, WHETHER EXPRESSED OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MECHANTABILIYT [SIC] OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT AS OTHERWISE PROVIDED HEREIN UNLESS MADE SPECIFICALLY IN WRITING, SIGNED BY AN OFFICER OF SELLER, AND ATTACHED TO AND MADE PART OF THIS CONTRACT.

Between August 5, 2008, and September 18, 2008, plaintiff furnished concrete to defendant for work performed on a project in the city of Center Line. Pursuant to the terms of the contract, defendant was required to notify plaintiff of any defects within 15 days from receipt. Defendant did not timely notify plaintiff of any defects regarding the concrete used in the Center Line project, and it did not file a lawsuit within one year after the materials were supplied. Between November 1, 2008, and December 3, 2008, plaintiff delivered concrete to defendant for repair work in the city of Warren. Defendant allegedly failed to pay for the goods supplied for the city of Warren project. On April 1, 2010, plaintiff filed this litigation to compel payment, asserting that a balance of $51,837.93 was due and owing for the deliveries for defendant's Warren project.

On April 30, 2010, defendant filed an answer, affirmative defenses, and a counterclaim in response to plaintiff's complaint. In its affirmative defenses, defendant asserted that it was entitled to offsets, backcharges, and costs incurred by defendant to correct defective concrete provided by plaintiff. Defendant's

counterclaim asserted breach of contract and breach of warranty by plaintiff arising from the defective concrete materials furnished for the city of Center Line project.[2]

On July 23, 2010, plaintiff moved for summary disposition of defendant's counterclaim pursuant to MCR 2.116(C)(7), relying on the one-year limitations period set forth in the February 7, 2007 contract between the parties. Plaintiff also moved for summary disposition of its complaint under MCR 2.116(C)(10), contending that there was no genuine issue of material fact regarding the terms of the agreement, the concrete was delivered as promised, and defendant failed to pay the money owed without justification. On August 24, 2010, defendant filed a brief in opposition to the motion under MCR 2.116(C)(10), alleging that there were disputed issues of material fact regarding the quality of the concrete supplied by plaintiff and the amount due and owing in light of plaintiff's misapplication of payments. On September 8, 2010, the trial court entered an order dismissing defendant's counterclaim and denying plaintiff's motion for summary disposition of its complaint without prejudice.

On October 7, 2010, plaintiff filed its second motion for summary disposition pursuant to MCR 2.116(C)(10), asserting that there was no genuine issue of material fact regarding defendant's obligation to pay plaintiff for materials sold in connection with the Warren project. Plaintiff also alleged that defendant was obligated to pay the contract price because it accepted

---

[2] On October 20, 2009, the city of Center Line sent defendant a list of work items that needed to be corrected. Despite this notice from the city, defendant did not file its own lawsuit against plaintiff at that time. Rather, defendant only raised the issue of defects in response to plaintiff's complaint for breach of contract.

the goods at issue without objection. On October 25, 2010, defendant filed a brief in opposition to this motion, contending that there were genuine issues of material fact regarding any outstanding balance as well as the propriety of the interest charges. In this brief, defendant did not raise an issue regarding any alleged defective concrete.

On November 9, 2010, the trial court issued an opinion and order denying plaintiff's second motion for summary disposition. The trial court rejected defendant's challenge to the balance due and the argument that plaintiff misapplied payments. Nonetheless, the trial court denied plaintiff's motion, holding that defendant could recoup potential costs it suffered as a result of defective concrete plaintiff supplied for the Center Line project:

> Significantly, the dismissal of defendant Galui Construction's counterclaim does not preclude it from asserting its potential costs to replace the defective concrete on the Center Line project as a defense to plaintiff's claim for breach of contract on the Warren project. See *Mudge v Macomb County*, 458 Mich 87, 106-107; 580 NW2d 845 (1998) ("plaintiff will not be permitted to insist upon the statute of limitations as a bar to such a defense when he is seeking to enforce payment of that which is due him under the contract out of which the defendant's claim for recoupment arises").

> Defendant Galui Construction's ability to assert recoupment as a defense necessarily creates a question of fact as to any balance due plaintiff.

On November 29, 2010, plaintiff moved for reconsideration of the summary disposition ruling, challenging the trial court's decision to raise sua sponte the defense of recoupment, an issue not raised or briefed by defendant. In light of the trial court's dismissal of defendant's counterclaim, the only remaining issue in the

case involved the misapplication of payments. Plaintiff alleged that the doctrine of recoupment did not apply because it only applied to debts arising from the same transaction. Defendant contested the quality of the concrete supplied for the city of Center Line project, and plaintiff's complaint challenged the payments made for the city of Warren project.

On December 9, 2010, the trial court issued an opinion and order denying plaintiff's motion for reconsideration. The trial court held, in relevant part:

> Plaintiff's argument regarding the misapplication of recoupment in avoidance of the statute of limitations under *Mudge v Macomb County*, 458 Mich 87, 106-107; 580 NW2d 845 (1998) lacks merit.
>
> Significantly, plaintiff's motions for summary disposition evidence but a *single* Contract for Materials on Open Account with defendant Galui Construction. Indeed, as explained by Julie Moran's [McCoig Materials' credit manager] affidavit submitted in support of plaintiff's second motion for summary disposition, defendant Galui Construction "ordered concrete materials on account in connection with various projects", including the Warren and Center Line projects, "[i]n accordance with that agreement". Consequently, as defendant Galui Construction ordered materials for both projects under a single contract, recoupment does apply.
>
> The mere fact that Galui Construction had separate contracts with Warren and Center Line for the projects does not transform plaintiff's delivery of materials under one contract to defendant Galui Construction into separate contracts with defendant Galui Construction. Indeed, the separate deliveries of materials are but a continuing transaction under the one contract. Hence, plaintiff's reliance on the Contractor's Bond for Public Buildings or Works Act, MCL 129.201 *et seq.*, and Construction Lien Act, MCL 570.1101 *et seq.*, is distinguishable.

*       *       *

Finally, any failure to plead recoupment as an affirmative defense can be cured by amendment. MCR 2.111(F)(3). Defendants Galui Construction and Ohio Casualty Insurance are deemed to have so amended their affirmative defenses.

We granted plaintiff's application for leave to appeal.[3]

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition presents a question of law subject to review de novo. *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 317; 783 NW2d 695 (2010). Summary disposition pursuant to MCR 2.116(C)(10) is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rose v Nat'l Auction Group*, 466 Mich 453, 461; 646 NW2d 455 (2002). The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The burden then shifts to the nonmoving party to demonstrate that a genuine issue of disputed fact exists for trial. *Id.* The nonmoving party may not rely on mere allegations or denials in the pleadings. *Id.* Affidavits, depositions, and documentary evidence offered in support of, and in opposition to, the motion are considered only to the extent that the content or substance would be admissible as evidence. *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). A trial court's ruling regarding a motion for reconsideration is reviewed for an abuse of discretion. *In re Moukalled Estate*, 269 Mich App 708, 713; 714 NW2d 400 (2006). However, when the issue involves a question of law, the ruling is reviewed de novo. *Id.*

---

[3] *McCoig Materials LLC v Galui Constr Inc*, unpublished order of the Court of Appeals, entered January 5, 2011 (Docket No. 301599).

III. ANALYSIS

Plaintiff alleges that the trial court erred by applying recoupment to an open-account contract when the projects at issue constituted discrete transactions. We agree.

A. APPLICABLE LAW

"The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation." *Mallory v Detroit*, 181 Mich App 121, 127; 449 NW2d 115 (1989). Issues regarding the proper interpretation of a contract or the legal effect of a contractual clause are reviewed de novo. *Fodale v Waste Mgt of Mich, Inc*, 271 Mich App 11, 16-17; 718 NW2d 827 (2006). When interpreting a contract, the examining court must ascertain the intent of the parties by evaluating the language of the contract in accordance with its plain and ordinary meaning. *In re Egbert R Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). If the language of the contract is clear and unambiguous, it must be enforced as written. *Id*. A contract is unambiguous, even if inartfully worded or clumsily arranged, when it fairly admits of but one interpretation. *Holmes v Holmes*, 281 Mich App 575, 594; 760 NW2d 300 (2008). Every word, phrase, and clause in a contract must be given effect, and contract interpretation that would render any part of the contract surplusage or nugatory must be avoided. *Woodington v Shokoohi*, 288 Mich App 352, 374; 792 NW2d 63 (2010).

"Recoupment is, in effect, a counterclaim or cross action for damages." *Smith v Erla*, 317 Mich 109, 112; 26 NW2d 728 (1947). Recoupment is also an affirmative defense that must be properly pleaded. *Ladd v Reed*,

320 Mich 167, 171; 30 NW2d 822 (1948). The defense of recoupment is applicable to "claims arising out of the same contract or transaction." *Id.* (citations omitted). The defendant bears the burden of proving that the plaintiff breached the contract from which the defendant seeks a setoff or recoupment. *Oakland Metal Stamping Co v Forest Indus, Inc*, 352 Mich 119, 125; 89 NW2d 503 (1958).

In *Mudge v Macomb Co*, 458 Mich 87, 106-107; 580 NW2d 845 (1998), the Supreme Court addressed the application of recoupment:

> The defense of recoupment refers to a defendant's right, in the same action, "to cut down the plaintiff's demand, either because the plaintiff has not complied with some cross obligation of the contract on which he or she sues or because the plaintiff has violated some legal duty in the making or performance of that contract." 20 Am Jur 2d, Counterclaim, Recoupment, etc., § 5, p 231. Recoupment is "a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced." *Pennsylvania R Co v Miller*, 124 F2d 160, 162 (CA 5, 1941).
>
> As explained in *Warner v Sullivan*, 249 Mich 469, 471; 229 NW 484 (1930):
>
> "Recoupment is a creature of the common law. It presents to the court an equitable reason why the amount payable to the plaintiff should be reduced, and *the plaintiff will not be permitted to insist upon the statute of limitations as a bar to such a defense* when he is seeking to enforce payment of that which is due him under the contract out of which the defendant's claim for recoupment arises." [Emphasis added in *Mudge*.]

The expiration of a limitations period does not prevent the defendant from raising a recoupment defense as long as the plaintiff's action is timely. *Id.* at 107.

Recoupment decreases the plaintiff's recovery by reducing any judgment in its favor by any claim the defendant may have to damages arising out of the same contract or transaction. *Morehouse v Baker,* 48 Mich 335, 339; 12 NW 170 (1882). The purpose of recoupment is to prevent a multiplicity of suits. *Id.* "But where the cases are such that the issue upon the counter-claim would be distinct from that on the plaintiff's demand and rest upon distinct evidence, the reasons for permitting recoupment have little or no force, for 'the nearer the controversy is to being single and distinct, the more likely is the jury to deal with it with full intelligence and justice.' " *Id.* (citation omitted). Recoupment is only applicable to the discharge of the plaintiff's claim; it cannot be utilized to "establish a demand for which the defendant can take judgment." *Id.* at 340.

A party cannot accept a particular phase of construction without prompt objection and then raise the recoupment defense. *Wallich Ice Machine Co v Hanewald,* 275 Mich 607, 615; 267 NW 748 (1936). The fact that the underlying contract is an open account does not constitute an entitlement to raise the recoupment defense to all transactions between the parties:

> It is a familiar rule that any damages may be recouped for which a cause of action growing out of the same transaction lies at the time of pleading. Plaintiff cannot defeat a right to recoup on a contract which he must prove in order to recover, by including other items with it in his declaration and making a general claim for balance due on the whole under an open account. [*Holser v Skae,* 169 Mich 484, 488; 135 NW 260 (1912).]

In *Wallich Ice Machine Co,* 275 Mich at 609, the defendant purchased a refrigeration plant from the plaintiff corporation in 1930. The purchase price was payable in installments within 12 months. The defen-

dant defaulted on the payments and executed a series of notes for the unpaid portion with the last one payable in 1932. When the plaintiff did not receive the principal sum, it filed suit in 1934. *Id*. The defendant raised the issue of recoupment to offset the amount due and owing to the plaintiff, specifically asserting that the condition of the plant and the refrigeration equipment was not as promised. The Supreme Court rejected the recoupment defense, holding that acceptance of a particular phase of construction without prompt objection barred the defense:

> After having knowingly accepted this phase of the construction or installation and having failed to make anything like a reasonably prompt objection thereto, it is now too late for defendant to assert this particular item of recoupment. It savors too much of an afterthought.

> As hereinbefore noted, defendant also attempts to assert as recoupment loss of meats placed in the refrigerating plant to the amount of approximately $200. Here again defendant is decidedly tardy in urging this claim against plaintiff. The record is devoid of testimony that he made any claim for damage of this character to plaintiff prior to framing his defense to this suit. [*Id*. at 615 (citations omitted).]

Additionally, in *Peerless Woolen Mills v Chicago Garment Co*, 347 Mich 326, 327; 79 NW2d 500 (1956), the plaintiff agreed in 1950 to deliver merchandise to the defendant pursuant to a $5,000 extension of credit. Merchandise was shipped on six occasions, but the defendant failed to make payments or render sufficient funds for three of the shipments. The plaintiff refused to send further shipments and notified the defendant that the contract was cancelled. *Id*. at 327-328. In response to the lawsuit to collect the outstanding sums for the deliveries made pursuant to the 1950 contract, the defendant alleged that there had been shortages in

the merchandise that had been delivered pursuant to a 1949 contract between the parties. *Id.* at 328. The Supreme Court rejected the claim for recoupment premised on the claimed shortages:

> [T]he claim now presented does not arise out of the subject matter of plaintiff's action, and may not properly be made the basis of a counterclaim. It amounts merely to an unliquidated claim for damages alleged to have been sustained in a wholly independent transaction. Had defendant sought to maintain an action for damages . . . based on alleged failure on plaintiff's part to fully perform the 1949 agreement, it could not have prevailed under the generally accepted rule, there being no proof or claim of fraud or mistake.
>
> . . . "Payment in full, without reservation, of an account for goods purchased, precludes the buyer from subsequently asserting that the goods were not merchantable, or that he was entitled to a credit for a shortage in packages or for expense of cartage." [*Id.* at 333.]

Accordingly, Michigan caselaw holds that a claim for recoupment must be premised on the same contract or *transaction*. The categorization of the parties' agreement as a single contract or an open account is not determinative.[4] Rather, the claim for recoupment by the defendant must be premised on the same transaction raised in the plaintiff's complaint, and the defendant must prove that the plaintiff is in breach of the contract from which the defendant seeks recoupment. *Oakland Metal Stamping Co*, 352 Mich at 125; *Morehouse,* 48 Mich at 340. When a defendant accepts goods or construction without timely objection or reservation, the

---

[4] The trial court also erred by relying on the statement by plaintiff's employee that there was only one contract. The duty to interpret and apply the law is allocated to the courts, and the statement of a witness is not dispositive. See *Hottmann v Hottmann*, 226 Mich App 171, 179-180; 572 NW2d 259 (1997).

defendant is barred from raising the recoupment defense. *Wallich Ice Machine Co*, 275 Mich at 615. This transactional approach to the defense of recoupment is consistent with federal law:

> Furthermore, not all cases in which claim and counterclaim arise from the same contract are appropriate for recoupment. Where the contract itself contemplates the business to be transacted as discrete and independent units, even claims predicated on a single contract will be ineligible for recoupment. [*Malinowski v New York State Dep't of Labor*, 156 F3d 131, 135 (CA 2, 1998).]

### B. RECOUPMENT DEFENSE

In the present case, we conclude that the trial court erred by denying plaintiff's second motion for summary disposition by raising sua sponte the recoupment defense. A review of the plain language of the contract at issue revealed that, although an open-account contract, the transactions were treated as discrete events or separate transactions. Defendant was required to raise yield complaints within 48 hours after receipt and defects or nonconformance issues within 15 days of receipt. According to the plain language of the contract, any litigation had to be commenced within one year after delivery. Defendant did not timely raise an objection to the materials provided in the Center Line project. Once a party accepts a particular phase of construction, it cannot utilize the defense of recoupment. *Wallich Ice Machine Co*, 275 Mich at 615; *Morehouse*, 48 Mich at 339. The plain language of the contract set forth a one-year period of limitations. *In re Egbert R Smith Trust*, 480 Mich at 24. Additional deliveries did not extend this limitations period. Furthermore, there was a 15-day requirement regarding notice of defects. If defendant was permitted to raise the issue of any alleged defects in the Center Line project in

the litigation involving the Warren project, it would render the limitation provisions of the contract nugatory. *Woodington*, 288 Mich App at 374-375. Furthermore, the purpose of recoupment, to prevent multiplicity of suits, would not be served because any issues regarding the alleged defects in the Center Line project would rely upon separate and distinct evidence. *Morehouse*, 48 Mich at 339. Accordingly, the trial court erred by denying plaintiff's motion for summary disposition on the basis of recoupment. In light of this holding, we do not address plaintiff's issue regarding discovery.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219.

SAAD, P.J., and K. F. KELLY and M. J. KELLY, JJ., concurred.