# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES A SMAIL,

        Plaintiff-Appellee,

v

MERCEDES-BENZ USA, LLC,

        Defendant-Appellant.

UNPUBLISHED
July 24, 2018

No. 337709
Wayne Circuit
LC No. 16-004402-NO

JAMES A SMAIL,

        Plaintiff-Appellant,

v

MERCEDES-BENZ USA, LLC,

        Defendant-Appellee.

No. 338326
Wayne Circuit
LC No. 16-004402-NO

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent from the majority's affirmance of the dismissal of plaintiff's third-party beneficiary claim. The majority agrees that defendant was a guest, and agrees that "[h]ad the indemnity clause included only that category, plaintiff would be on solid footing." The majority goes on to conclude that because the clause also lists much broader terms such as "the public" and "any person," its specific reference to guests has no meaning. I cannot agree. It is well settled that "Every word, phrase, and clause in a contract must be given effect and [an] interpretation that would render any part of the contract surplusage or nugatory must be

-1-

avoided." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012).[1]

The category of "guests" has a clear meaning regardless of the presence of other categories. It is one in a list of various categories, not a subset of one of the others. The majority states that these other categories provide "context," but its ultimate conclusion goes well beyond such an assertion. It treats the term "guest" as mere surplusage, i.e. under its analysis, it has no meaning. The majority asserts that the broader terms in the provision swallow this more specific term, but fails to explain why the more specific term was included in the contract if it was intended to have no meaning or, if it has a meaning, what the majority believes it is. In my view this approach is inconsistent with the well-established rule that we may neither rewrite contracts nor ignore the words contained in them. As stated in *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 664-665; 770 NW2d 902 (2009):

> We enforce contracts according to their terms, as a corollary to the parties['] liberty to enter into a contract. We examine contractual language and give words their plain and ordinary meanings. An unambiguous contractual provision reflects the parties['] intent as a matter of law, and [i]f the language of the contract is unambiguous, we construe and enforce the contract as written. Courts may not create ambiguity when contract language is clear. Rather, this Court must honor the parties' contract, and not rewrite it. [Quotation marks and citations omitted.]

Simply because the contract refers to other categories too broad to define third-party beneficiaries themselves, does not lead to the conclusion that the word "guest" is a nullity. By such reasoning, even if the contract identified plaintiff by name, the inclusion of the more general categories would vitiate his third-party beneficiary status.

Because the contract controls, and because plaintiff was indisputably a "guest," he was a third-party beneficiary of this provision in the contract. Accordingly, I would reinstate that claim and remand for further proceedings.

/s/ Douglas B. Shapiro

---

[1] As noted in Williston on Contracts, "Emphasis will be placed upon interpretations that give effect to each and every word of a contract, on the theory that the parties never intend to insert superfluous language." 22 Williston on Contracts § 58:10 (4th ed.)