*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HAITHAM SAAD,

Plaintiff-Appellant,

v

DANIEL ROBERT REDDY,

Defendant-Appellee.

UNPUBLISHED
September 17, 2020

No. 348030
Wayne Circuit Court
LC No. 17-017471-NI

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendant. We affirm.

## I. FACTS & PROCEDURAL HISTORY

This case arises out of a motor vehicle collision involving plaintiff and defendant. Before the collision, plaintiff was involved in two other, separate motor vehicle collisions not involving defendant. The first collision occurred in October 2012, after which plaintiff was treated at a pain clinic where computer tomography (CT) and magnetic resonance imaging (MRI) scans indicated that plaintiff suffered several disc herniations in his cervical, lumbar, and thoracic spine, and experienced significant lower back pain. The second collision occurred in January 2014, after which plaintiff obtained treatment at the pain clinic for moderate to severe pain in his neck, lower back, right buttock area, right thigh, right knee, and foot. Reports from his treatment following the second collision indicate plaintiff's condition severely deteriorated with regard to pain and function, leading to muscles spasms, pain, headaches, and decreased range of motion. Additionally, the reports indicate that the second collision caused further injuries to plaintiff's cervical and lumbar spine, and injuries to his nerves. As a result of that accident, plaintiff was unable to work for several months, required physical therapy, was on a pain medication regime, and continually sought further treatment.

In December 2014, plaintiff was involved in the collision with defendant (the "third collision") and was treated at a local hospital. The hospital records from that day indicate that plaintiff presented with complaints of pain in his head, neck, and lower back. CT scans of the

-1-

cervical spine and brain and x-rays of the lumbar and thoracic spine indicate no acute injury. Plaintiff was diagnosed with a back contusion, offered prescriptions for pain medications, and instructed to follow up with his primary care physician.

In January 2016, plaintiff began treatment at a medical clinic for headaches, dizziness, and pain in his neck, lower back, right thigh, and right knee. At the request of plaintiff's insurance provider, an independent medical examination (IME) was conducted which concluded that plaintiff did not suffer any injuries as a result of the third collision.

Plaintiff sued defendant to recover compensatory damages for negligence arising out of the third collision. Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing plaintiff was barred from recovering noneconomic damages because plaintiff failed to establish that he sustained a "serious impairment of body function" as necessary for recovery under MCL 500.3135(5).[1] Defendant argued that plaintiff failed to demonstrate any new impairment or aggravation of his preexisting conditions that arose from the third collision, and thus failed to demonstrate the first prong (i.e., the existence of any objectively manifested impairment) set forth for recovery under MCL 500.3135(5) in *McCormick v Carrier*, 487 Mich 180, 215; 795 NW2d 517 (2010). In response to the motion for summary disposition, plaintiff summarized the results of his treatment after the second collision at the pain clinic, rehab center, and area hospital. Plaintiff failed to include any documentation for diagnoses or medical services received after the third collision.

The trial court concluded that plaintiff failed to demonstrate an objectively manifested impairment from the third collision because he did not proffer any objective testing that rebutted defendant's assertion that plaintiff's injuries were sustained in the first and second collisions, and no objective evidence was presented that suggested any preexisting conditions were aggravated by the third collision. The trial court granted defendant's motion for summary disposition for failure to demonstrate a serious impairment of body function under MCL 500.3135.

Plaintiff filed a motion for reconsideration, stating that he had "accidentally attached records and testimony involving a previous accident" to his earlier response. Along with the motion for reconsideration, plaintiff attached several documents from the medical clinic and a portion of the IME. Plaintiff argued that such records, in tandem with his deposition testimony, indicated that he suffered an objective manifestation of impairment, or, alternatively, presented a question of fact sufficient to warrant reconsideration. The trial court denied the motion, finding that "[a]lthough plaintiff's own failure to incorporate the correct medical records into his response may constitute negligence, it most certainly does not amount to palpable error[,]" and finding that plaintiff "merely presented the same issues already ruled on" by the trial court. This appeal followed.

---

[1] The no-fault act, MCL 500.3101 *et seq*., was amended on June 11, 2019. See 2019 PA 21. The third collision occurred before the amendment of the no-fault act. Therefore, the complaint was filed under the preamended MCL 500.3135. The relevant language for the purposes of this case remains unchanged between the preamended and amended MCL 500.3135.

## II. STANDARDS OF REVIEW

A trial court's grant or denial of a motion for summary disposition is reviewed de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). A motion for summary disposition under MCR 2.116(C)(10) should be granted if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law after a review of all the pleadings, admissions, and other evidence submitted by the parties, viewed in the light most favorable to the nonmoving party. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Id*. (citation, footnote, and quotation marks omitted.)

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Construction Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The burden is then shifted to the nonmoving party to demonstrate that a genuine issue of material fact exists. *Id.* The existence of a disputed fact must be established by substantively admissible evidence, although the evidence need not be in admissible form. MCR 2.116(G)(6); *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 441; 814 NW2d 670 (2012). If the nonmoving party fails to establish the existence of a material factual dispute, the moving party's motion is properly granted. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001).

## III. ANALYSIS

Plaintiff argues that the trial court improperly granted defendant's motion for summary disposition. We disagree.

Under Michigan's no-fault act, MCL 500.3101 *et seq*., an injured person may recover noneconomic damages if she can show that she has suffered a "serious impairment of a body function." MCL 500.3135(1). The issue of serious impairment is a question of law for the court in either of two circumstances. First, if "there is no factual dispute concerning the nature and extent of the person's injuries." MCL 500.3135(2)(a)(i). Second, if such a factual dispute "is not material to the determination whether the person has suffered a serious impairment of body function." MCL 500.3135(2)(a)(ii ). The statutory language of MCL 500.3135 provides three prongs necessary to establish a "serious impairment of body function": "(1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *McCormick v Carrier*, 487 Mich 180, 195; 795 NW2d 517 (2010).[2]

---

[2] *McCormick* analyzed the previous version of the statute defining "serious impairment of body function": MCL 500.3135(7). *McCormick v Carrier*, 487 Mich 180, 195; 795 NW2d 517 (2010). MCL 500.3135(7) was renumbered to MCL 500.3135(5) after the no-fault act was amended on September 30, 2012, and remained as MCL 500.3135(5) after the no-fault act was again amended on June 11, 2019. See 1995 PA 222; 2019 PA 21. The language defining a serious impairment of body function has remained consistent.

Plaintiff first argues the trial court erred in finding that there was no material factual dispute such that summary disposition as a matter of law was appropriate. Thus, the pertinent question before a trial court is whether a dispute exists regarding the "nature and the extent of the person's injuries," not whether the plaintiff's injuries were causally related to the motor vehicle accident at issue. *McCormick*, 487 Mich at 215. The parties do not dispute that plaintiff suffered from several injuries when evaluated after the third collision. Rather, the parties disagree only as to the extent that the third collision caused the injuries, as opposed to the injuries being a result of the two previous collisions. Thus, there was no material factual dispute concerning the nature and extent of plaintiff's injuries and the trial court properly concluded that the matter was a question of law.

Plaintiff further contends that he demonstrated an injury sufficient to satisfy the tort liability threshold for a serious impairment of body function. We disagree.

An impairment is "objectively manifested" when it is "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. Meaning, it is "observable or perceivable from actual symptoms or conditions." *Id.* The "aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v Blankenship*, 286 Mich App 54, 63; 777 NW2d 469 (2009). "[P]ain and suffering alone" is insufficient to show a serious impairment of body function, and therefore a plaintiff must "introduce evidence establishing that there is a physical basis for their subjective complaints of pain and suffering[.]" *McCormick*, 487 Mich at 197-198. Additionally, a plaintiff must also prove the defendant's conduct was the proximate cause of his injuries. *Patrick v Turkelson*, 322 Mich App 595, 616-617; 913 NW2d 369 (2018). Although causation cannot be established by mere speculation, a plaintiff's evidence of causation is sufficient at the summary disposition stage to create a question of fact for the jury if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support. *Id*. at 617.

Plaintiff asserts that he met his burden by presenting three pieces of evidence: (1) his deposition testimony; (2) medical records from the medical clinic documenting plaintiff's three visits in the four months following the third collision; and (3) the IME report. Plaintiff testified that the third collision caused him to experience aggravated injuries to his neck and back, heightened feelings of pain and increased headaches, and new pain in his right leg. However, the records from his treatment at the pain clinic, which predate the third collision, indicate he suffered from moderate to severe pain in his right buttock area, right thigh, right knee, and foot before the third collision. Plaintiff also admitted that at the time of the third collision, he still experienced, and received treatment for, neck pain, back pain, and headaches caused by the second collision. Thus, plaintiff's testimony failed to "introduce evidence establishing that there is a physical basis for [his] subjective complaints of pain and suffering," caused by the third collision. *McCormick*, 487 Mich at 197-198.

Plaintiff's records from the medical clinic and the IME report indicate that his nerve and spinal abnormalities were not causally related to the third collision. Although plaintiff's medical records documenting his injuries in the neck, back, and knee constitute objective observations of injury experienced by plaintiff after the third collision, the records do not specify whether those injuries were caused by the third collision. Instead, plaintiff's medical records indicate that he was seen at the medical clinic for the first time in January 2015—making him a new patient after the

third collision—and states that "[plaintiff] reports that the condition was caused by MVA [a motor vehicle accident.]"  There is no indication that any medical professional from the medical clinic, connected plaintiff's documented injuries to the third collision or otherwise compared his pre- and postaccident physical state.  These records fail to "establish[] a logical sequence of cause and effect," particularly when the exact injuries highlighted by plaintiff—cervicalgia, lumbago, muscles spasms, tenderness, pain, and limited range of motion in his neck, back, and knee—were documented in medical records in the months preceding the third collision.  *Patrick*, 322 Mich App at 617.

For similar reasons, the IME report, and its reference to a finding of mild right radiculopathy after an EMG performed in May 2015, does not support the finding that plaintiff suffered an objectively manifested impairment as a result of the third collision.  Although the physician conducting the IME did not also conduct the EMG, the IME physician concluded that plaintiff did not suffer any injuries as a result of the third collision.  Additionally, plaintiff failed to offer any evidence, beyond his mere assertion, that the radiculopathy was caused by the third collision, rather than being a result of plaintiff's preexisting spinal pathology.  Simply offering medical records documenting plaintiff's status after the third collision is insufficient to establish a causal link between that status and the accident.  See *West*, 469 Mich at 186 (documentation that a condition temporally follows an event is not in itself evidence of causation, but rather is merely a "coincidence in time").  In light of the delay between the third collision and the diagnosis, as well as plaintiff's history of nerve pain and back injuries following the first and second collisions, no reasonable juror could conclude that plaintiff established a sequence of cause and effect showing that the radiculopathy was the result of the third collision. See *Patrick*, 322 Mich App at 617.  Therefore, summary disposition was properly granted.

V.  CONCLUSION

Plaintiff failed to establish an objective impairment and demonstrate causation.  Therefore, the trial court did not err in granting defendant's motion for summary disposition.  Accordingly, we affirm.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle