*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RACHEL LANDOSKI,

        Plaintiff-Appellant,

v

KEVIN GREEN,

        Defendant-Appellee.

UNPUBLISHED
November 12, 2024
12:24 PM

No. 366082
Macomb Circuit Court
LC No. 2022-003356-CK

Before: JANSEN, P.J., and RICK and PATEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7) (claim barred by statute of limitations). We affirm.

This case arises out of plaintiff's purchase of defendant's home. The purchase agreement the parties entered into for the sale of the home provided for a one-year period after closing for plaintiff to bring any claims related to the condition of the property. Within the one-year period, plaintiff experienced flooding in her basement caused by an improper grade and drainage of a rear porch patio and ineffective flashing around a patio door. Plaintiff's insurance company denied her claim after a consulting firm concluded that previous repairs had been made to the area, but were not effective. Plaintiff and defendant entered into a tolling agreement to give plaintiff an additional 45 days to negotiate with defendant or file a complaint against defendant for damages. Plaintiff ultimately filed a complaint against defendant for damages, but the parties disputed whether plaintiff filed her complaint within the period of the tolling agreement. The trial court agreed with defendant that plaintiff did not file her complaint until after the tolling period expired and granted defendant's motion for summary disposition.

## I. THE TOLLING AGREEMENT

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because the tolling agreement was ambiguous and should not have been enforced as written. We disagree.

-1-

We review a trial court's decision on a motion for summary disposition de novo. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). For a motion for summary disposition under MCR 2.116(C)(7), this Court

> must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [*RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008) (citations omitted).]

This Court also reviews de novo as a question of law the proper interpretation of a contract, including the trial court's determination whether contract language is ambiguous. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). In ascertaining the meaning of a contract, this Court gives the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

After plaintiff experienced flooding and her insurance company rejected her claim for damages, plaintiff required time to explore her options to pursue reimbursement for damages. Plaintiff requested and defendant agreed to extend the limitations period provided for in the purchase agreement. The parties signed an agreement on July 19, 2022, to extend the limitations period for 45 days. The parties' intent was clearly written in the tolling agreement and provides:

> WHEREAS, the Parties desire to encourage resolution and/or such further review or disposition of the Claims (as described below) as may result and wish to avoid the expense and uncertainty of initiating and engaging in Litigation if at all possible, and are willing to make the stipulations, covenants and agreements hereinafter set forth in order to defer and postpone the initiation of Litigation[.]

When interpreting a contract, this Court's obligation is to determine the intent of the contracting parties. *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). The parties clearly intended to extend the period for plaintiff to bring a claim for 45 days and stated in the tolling agreement that " 'Expiration Date' shall mean forty-five (45) days from the date of execution of this Agreement by all Parties."

Plaintiff argues that the trial court should have denied defendant's motion for summary disposition because the contract was ambiguous and should not have been enforced as written. Specifically, plaintiff argues that the contract failed to define the "Effective Date" and the execution date and without a clear definition of these two dates, it was impossible to determine when the tolling period expired relying on the language of the contract alone. Therefore, plaintiff argues, there was a genuine issue of material fact whether plaintiff's complaint was timely.

When contractual language is unambiguous, courts must interpret and enforce the language as written because an unambiguous contract reflects, as a matter of law, the parties' intent. *Harper Woods Retirees Ass'n v Harper Woods*, 312 Mich App 500, 508; 879 NW2d 897 (2015). "A contract is unambiguous, even if inartfully worded or clumsily arranged, when it fairly admits of but one interpretation." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012). Every word, phrase, and clause in a contract must be given effect, and any interpretation that would render any part of the contract surplusage or nugatory must be avoided. *Id*. If a reasonable person could not dispute the meaning of ordinary and plain contract language, unambiguous contracts are not open to judicial construction and must be enforced as written. *Rory*, 473 Mich at 468. "The general rule of contracts is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts." *Id*. (quotation marks, brackets, and citations omitted).

"A provision in a contract is ambiguous if it irreconcilably conflicts with another provision, or when it is equally susceptible to more than a single meaning." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 715; 706 NW2d 426 (2005). Whether a contract is ambiguous is a question of law. *Klapp*, 468 Mich at 504. "Only when contractual language is ambiguous does its meaning become a question of fact." *Coates v Bastian Bros, Inc*, 276 Mich App 498, 504; 741 NW2d 539 (2007). In order to resolve the meaning of an ambiguous contract, the fact-finder may consider relevant extrinsic evidence. *Klapp*, 468 Mich at 469.

While plaintiff argues that the contract was ambiguous because the "Effective Date" and the execution date were not defined or were used in some provisions and not others, plaintiff uses the terms interchangeably in her brief on appeal. "[T]he fact that a contract does not define a relevant term does not render the contract ambiguous." *Terrien v Zwit*, 467 Mich 56, 76; 648 NW2d 602 (2002). This Court interprets an undefined term in a contract in accordance with its "commonly used meaning." *Id*. (quotation marks and citations omitted).

The two provisions at issue here provide:

> (b) "Tolling Period" shall mean the period from and including the Effective Date of this Agreement until and including the Expiration Date (as defined below) of this Agreement.

> (c) "Expiration Date" shall mean forty-five (45) days from the date of execution of this Agreement by all Parties.

Although plaintiff argues that the execution date was not defined, and makes an unsupported argument on appeal that because the tolling agreement was docu-signed after 5:00 p.m. on July 19, 2022 that the execution date was actually July 20, plaintiff primarily based her arguments in the trial court and on appeal on an execution date of July 19, 2022. Because the parties both signed the document on July 19, the execution date of the contract was July 19, and according to the agreement, the tolling period expired 45 days from July 19. Plaintiff argues that because the "Effective Date" was not defined, the method of computing the 45 days of the tolling period in ¶ 1(b) was ambiguous and should not be enforced. Plaintiff argues that the method for computing a period of time provided for in MCR 1.108(1) should be followed. MCR 1.108(1) provides, in relevant part, that "[i]n computing a period of time prescribed or allowed by these

rules, by court order, or by statute," "[t]he day of the act, event, or default after which the designated period of time begins to run is not included. . . ." However, from the language in the contract, the parties expressed their intention to compute the tolling period using a method that differed from MCR 1.108(1). The parties agreed that the computing of the 45-day period began on and included the "Effective Date." MCR 1.108(1) does not include the day the designated period of time begins to run.

Plaintiff is correct that the "Effective Date" of the contract was not defined in the contract, only that the date the tolling agreement was made effective was a day in July 2022. However, the lack of the definition of "Effective Date" does not render the agreement ambiguous. *Terrien*, 467 Mich at 76. Reading the definitions of "Tolling Period" and "Expiration Date" together leads to one interpretation—that the tolling period began on the "Effective Date." Reading these provisions together leads to one interpretation—that the "Effective Date" is the date the parties executed the contract. *McCoig Materials*, 295 Mich App at 694. As the "Expiration Date" is defined as 45 days from the date of execution, July 19, 2022, then the "Tolling Period" began on the date of execution, which must also be the "Effective Date." According to the computing method provided for in the agreement, the tolling agreement expired on September 1, 2022. This interpretation gives effect to every word, phrase, and clause in the agreement and does not render any part of it as surplusage or nugatory. *Id*. Because plaintiff failed to file her complaint or extend the tolling agreement by September 1, 2022, the trial court properly granted defendant's motion for summary disposition.

## II. REMAINING ISSUES

Plaintiff also raises an issue regarding the clerk of the trial court's rejection of her complaint, which she attempted to file on September 2, 2022. However, considering our conclusion that the tolling period expired on September 1, 2022, we decline to address whether the rejection of the original filing of the complaint was appropriate.

Plaintiff also argues that (1) the trial court's acceptance of defendant's reply, which exceeded the page limit, and (2) the trial court's failure to find that defendant waived his argument that the tolling agreement expired on September 2 because of a judicial admission, each required reversal. An appellant may not announce a position and leave it to this Court to research and rationalize the basis for the appellant's claims. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). In addition, an appellant may not give an issue cursory treatment with no citation to authority. *Id*. "Further, [t]his Court will not search for authority to sustain or reject a party's position." *Id*. (quotation marks and citation omitted). Plaintiff has abandoned these issues on appeal because she failed to cite any legal authority to support that these errors required reversal.

Affirmed.

/s/ Kathleen Jansen
/s/ Michelle M. Rick
/s/ Sima G. Patel

-4-