# STATE OF MICHIGAN

# COURT OF APPEALS

LEWIS E. MALEY and LISA ANJOSKI,

UNPUBLISHED
January 20, 2015

Plaintiffs-Appellees,

v

No. 318669
St. Clair Circuit Court
LC No. 12-001269-NF

AAA, a/k/a AUTO CLUB INSURANCE
ASSOCIATION,

Defendant-Appellant.

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying its motion for summary disposition in this action involving the scope of coverage available under a motorcycle insurance policy issued by defendant to plaintiff Lewis Maley.[1]  For the reasons set forth below, we reverse.

Defendant issued a motorcycle insurance policy to plaintiff, which covered the term August 1, 2010, to August 1, 2011.  The New Declaration Certificate page explicitly stated, "MEDICAL BENEFITS – NOT INCLUDED" and no premium was assessed for medical benefits.  On May 20, 2011, plaintiff was injured while operating his motorcycle.  Plaintiff thereafter filed this action seeking reimbursement of medical costs under defendant's policy.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the policy clearly and unambiguously excluded coverage for medical benefits.  In support of its motion, defendant submitted the deposition testimony of plaintiff and Anjoski, who both stated during their deposition that defendant's insurance agent *never discussed medical benefit coverage*, although they also both claimed that they had requested "full coverage."  In opposition to defendant's motion, plaintiffs submitted Anjoski's affidavit, which she executed approximately eight months after her deposition.  In her affidavit, Anjoski contradicted her earlier deposition testimony by averring that defendant's agent specifically discussed the medical

---

[1] Because plaintiff Lisa Anjoski's claims are derivative of plaintiff Lewis Maley's claims, our use of the singular term "plaintiff" will refer only to Maley.

coverage benefit and told plaintiff that she would check with Medicare to determine whether plaintiff's Medicare policy provided coverage for motorcycle injuries and stated that she would "make sure he had medical coverage one way or another." Relying on Anjoski's affidavit, the trial court found that there was a question of fact whether representations by defendant's agent created a duty with respect to coverage for medical benefits and, accordingly, denied defendant's motion.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Defendant moved for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a complaint and is reviewed by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "Summary disposition pursuant to MCR 2.116(C)(10) is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012).

On appeal, defendant argues that the trial court erred in denying its motion for summary disposition because the plain, unambiguous terms of the motorcycle insurance policy unequivocally state that it did not provide medical coverage and plaintiffs' reasonable expectations of coverage are immaterial because the contract is unambiguous.

"The rules of contract interpretation apply to the interpretation of insurance contracts." *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). "The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase." *Id.* When the policy language is clear, a court must enforce the specific language of the contract. *Id.* In *Casey v Auto Owners Ins Co*, 273 Mich App 388, 394-395; 729 NW2d 277 (2006), this Court explained:

> It is well established that an insured is obligated to read his or her insurance policy and raise any questions about the coverage within a reasonable time after the policy is issued. Consistent with this obligation, if the insured has not read the policy, he or she is nevertheless charged with knowledge of the terms and conditions of the insurance policy.

The policy in this case clearly and unambiguously excludes coverage for medical benefits. The Declaration Certificate explicitly states, "MEDICAL BENEFITS – NOT INCLUDED" and no premium is listed for medical benefits coverage. The policy also states, "This policy form together with the Declaration Certificate constitutes the complete policy." It is irrelevant that plaintiff did not read the policy because he is charged with knowledge of its terms. The policy was issued more than nine months before plaintiff's motorcycle accident, which clearly afforded him a reasonable time to raise any questions about the scope of coverage. There is no genuine issue of material fact regarding whether the insurance policy explicitly excluded coverage for medical benefits.

However, the trial court determined that summary disposition nonetheless was inappropriate because plaintiffs submitted evidence that defendant's agent made representations that gave rise to a duty to ensure that plaintiffs had appropriate coverage for medical benefits.

An insurance agent generally does not have an affirmative duty to advise a client regarding the adequacy of a policy's coverage. *Harts v Farmers Ins Exch*, 461 Mich 1, 8; 597 NW2d 47 (1999). An exception to this general rule exists if there is a "special relationship" between an agent and an insured. *Id.* at 10. A special relationship exists if "(1) the agent misrepresents the nature or extent of the coverage offered or provided; (2) an ambiguous request is made that requires clarification; (3) an inquiry is made that may require advice and the agent, though he need not, gives advice that is inaccurate, or (4) the agent assumes an additional duty by either express agreement with or promise to the insured. *Id.* at 10-11.

Plaintiffs argued below and the trial court agreed that a question of fact existed regarding whether there was a special relationship between plaintiff and defendant's agent, Yvonne Sheffield. Both relied on Anjoski's affidavit to determine that a question of fact existed. Anjoski averred in her affidavit, in pertinent part:

> 2. Ms. Sheffield attempted to call the Medicare 800 number to verify whether or not Mr. Maley had medical coverage under his Medicare policy for injuries as a result of a motorcycle accident. . . .
>
> 3. She initially did not get through to a live person and indicate[d] she would "follow up" to determine if he had coverage before checking the box that signed Mr. Maley off on medical coverage. She stated she would make sure he had medical coverage one way or another.
>
> 4. Mr. Maley clearly indicated he did not know if Medicare covered motorcycle accidents and he wanted to have medical coverage if he was in a motorcycle accident from AAA. That he wanted "full coverage."

Anjoski's affidavit contradicted her deposition testimony. During her deposition, Anjoski testified as follows:

> *Q.* Do you know if Yvonne [Sheffield] asked [plaintiff] if he wanted medical benefit coverage?
>
> *A.* No. She never did.
>
> *Q.* Do you know if Yvonne – I'm sorry. Go ahead.
>
> *A.* When we got the insurance we told her we wanted full coverage, full coverage insurance. She said okay.
>
> I was right there sitting right next to him. My kids were sitting right behind us in the chair. S[h]e said okay. She drew up the paperwork and he signed his name.

-3-

We first note that requesting "full coverage" is meaningless in this context because, in addition to being overly vague, medical coverage is not statutorily required. See *Underhill v Safeco Ins Co*, 407 Mich 175, 185; 284 NW2d 463 (1979). Second, contrary to her deposition testimony that Sheffield and plaintiff did not discuss medical benefits coverage,[2] Anjoski averred in her affidavit that Sheffield attempted to contact plaintiff's medical insurance company to determine whether he had coverage for motorcycle-related injuries. It is well-established that a party cannot create a question of fact by providing an affidavit that contradicts her previous deposition testimony. *Dykes v William Beaumont Hosp*, 246 Mich App 471, 480-481; 633 NW2d 440 (2001). Because Anjoski's affidavit was the only documentary evidence that the trial court relied on in determining that a question of fact existed regarding the existence of a special relationship, and Anjoski's contradictory affidavit is insufficient to create a question of fact with respect to this issue, the trial court erred in denying defendant's motion for summary disposition.

Reversed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

---

[2] We note that plaintiff similarly testified at his own deposition that Sheffield "never mentioned" medical benefits coverage.