*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IYAD ISAAC and ISAAC INVESTMENTS, INC.,

Plaintiffs-Appellants,

v

FUTURE HOLDINGS, LLC,

Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 365303
Genesee Circuit Court
LC No. 2021-116290-CK

Before: O'BRIEN, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

Plaintiffs, Iyad Isaac ("Iyad") and Isaac Investments, Inc. ("Isaac Investments"), appeal as of right the trial court's order granting summary disposition to defendant, Future Holdings, LLC (Future Holdings), under MCR 2.116(C)(7) (res judicata) and (8) (failure to state a claim for relief) in this action for repayment of a loan. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

This case arises from a series of business dealings between Iyad Isaac, his business, Isaac Investments, his deceased brother, Imad Isaac ("Imad"), and Imad's business, Future Holdings. Plaintiffs allege that Iyad was occasionally asked to provide cash infusions to defendant Future Holdings, which were made through a series of loans made from May 2017 to April 2019. Isaac Investments initially loaned $75,000 to Future Holdings on May 31, 2017, and loaned another $15,000 to Future Holdings on August 30, 2017. These alleged loans were documented by copies of checks drawn from the account of Isaac Investments, made payable to Future Holdings, with the term "loan" written on the memo line. On April 25, 2019, Imad executed a promissory note in which he agreed to pay $190,000 to Iyad. The promissory note stated that it "supersedes and replaces any previous notes for loans given on 05/17/2017 for $75,000.00, 08/30/2017 for $15,000.00, and includes $100,000.00 received today 04/25/2019." Like the previous checks, the April 25, 2019 check for $100,000 was issued by Isaac Investments and made payable to Future Holdings. The promissory note provided that it was payable within 180 days of demand.

Plaintiffs allege that they demanded repayment of the promissory note in January 2021, but neither Imad nor Future Holdings timely tendered payment. In October 2021, Iyad brought this action against Imad for breach of contract. In an amended complaint filed in April 2022, Isaac Investments was added as a plaintiff and Future Holdings was added as a defendant. The parties filed cross-motions for summary disposition. As relevant to this appeal, Future Holdings argued that it could not be liable for breach of contract because it was not a party to the April 25, 2019, promissory note, which was signed only by Imad in his individual capacity. Future Holdings had also raised the affirmative defense of recoupment, which was based on an allegation that Iyad failed to obtain investors to fund three housing projects, and instead used Future Holdings' money to fund the projects, resulting in a loss of approximately $140,000 to Future Holdings. Plaintiffs filed a motion for summary disposition of the Future Holdings' asserted recoupment defense under MCR 2.116(C)(9). The trial court agreed that plaintiffs' first amended complaint failed to state a claim against Future Holdings because it was not a party to the April 25, 2019 promissory note, and therefore, it was not necessary to address the validity of the defense of recoupment. However, the court allowed plaintiffs to file a second amended complaint to given them the opportunity to plead a valid contract claim or some other theory of relief against Future Holdings.

In the meantime, Imad died in July 2022 and he was later dismissed as a defendant. In accordance with the trial court's previous order, plaintiffs filed a second amended complaint in October 2022, against Future Holdings only. The complaint asserted claims for breach of contract (Count I), monies had and received (Count II), and unjust enrichment (Count III). In lieu of filing an answer, Future Holdings filed a motion for summary disposition under MCR 2.116(C)(7) and (8). Future Holdings argued that plaintiffs' claims were based on the alleged indebtedness reflected by the April 25, 2019 promissory note, it was undisputed that it was not a party to that promissory note, and plaintiffs had not alleged the existence of any other documentation to support its liability for that indebtedness, and therefore, it was entitled to summary disposition under MCR 2.116(C)(8) because plaintiff failed to state claims on which relief could be granted. Future Holdings further argued that it was entitled to summary disposition of the breach-of-contract claim under MCR 2.116(C)(7) on the basis of the doctrine of res judicata because the trial court had already dismissed the contract claim when it granted in part Future Holdings' first motion for summary disposition. The trial court agreed with Future Holdings' arguments and granted its motion pursuant to MCR 2.116(C)(7) and (8). Plaintiffs now appeal.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Soave v Dep't of Treasury*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 364415); slip op at 3. Future Holdings moved for summary disposition under MCR 2.116(C)(7) and (C)(8). Summary disposition may be granted under MCR 2.116(C)(7) if a claim is barred by res judicata. *Jackson v Southfield Neighborhood Revitalization Initiative*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361397), slip op at 24, app held in abeyance ___ Mich ___ (2024) (Docket No. 361397). As observed in *Soave*, ___ Mich App at ___; slip op at 3:

> When addressing such a motion, a trial court must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6, 526 NW2d 879 (1994). Although not required to do so, a party moving for summary disposition under Subrule (C)(7)

may support the motion with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). [Citation omitted.]

A trial court's application of a common-law doctrine is also reviewed de novo. *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022).

As explained in *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019):

> A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013); MCR 2.116(G)(5). A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

## III. BREACH OF CONTRACT

Although we agree that the trial court erred by ruling that dismissal of plaintiffs' breach-of-contract claim was justified under MCR 2.116(C)(7) on the basis of res judicata, the court did not err by dismissing that claim under MCR 2.116(C)(8).

Res judicata will preclude a second action on the same claim if (1) the first action was decided on the merits, (2) the same parties, or their privies, are involved in both actions, and (3) the matter at issue in the second case was resolved, or could have been resolved, in the first case. *Mecosta Co Med Ctr*, 509 Mich at 282. The underlying purpose of the doctrine is to "prevent multiple suits litigating the same cause of action." *Adair v Michigan,* 470 Mich 105, 121; 680 NW2d 386 (2004).

Res judicata does not apply to the circumstances here. Initially, this case does not involve a prior action and a subsequent, second action. At issue is whether the trial court previously dismissed any breach-of-contract claim against Future Holdings when it decided Future Holdings' earlier motion for summary disposition in the same proceeding. The record discloses that the trial court did not fully resolve the availability of a breach-of-contract claim against Future Holdings when it decided the first motion for summary disposition. Although the court determined that the first amended complaint did not state a claim for breach of contract against Future Holdings because the claim was based on the April 25, 2019 promissory note and the documentation attached to the complaint demonstrated that Future Holdings was not a party to that agreement, it gave plaintiffs an opportunity to amend their complaint and provide supplemental materials to demonstrate a legal basis for pursuing a breach-of-contract claim against Future Holdings or allege additional theories of relief. Further, the court's August 8, 2022 written order provided that dismissal of the contract claim under MCR 2.116(C)(8) would occur only if plaintiffs failed to file a second amended complaint. Plaintiffs did file a second amended complaint, which attempted to

modify and clarify plaintiffs' theory under which Future Holdings could be liable for breach of contract.

Under these circumstances, where the trial court's prior order did not fully resolve whether plaintiffs could plead or prove a breach-of-contract claim against Future Holdings and the breach-of-contract claim asserted in the second amended complaint was authorized by the trial court's prior order, the trial court erred to the extent that it dismissed plaintiffs' breach-of-contract claim in the second amended complaint on the basis of res judicata.

We agree with Future Holdings, however, that dismissal of plaintiffs' breach-of-contract claim was appropriate under MCR 2.116(C)(8). To plead a legal claim for breach of contract, plaintiffs were required to demonstrate the following elements: (1) parties that are competent to enter into the contract, (2) an appropriate subject matter, (3) legal consideration supporting the contract, (4) mutuality of agreement, and (5) mutuality of obligation. *AFT Mich v Michigan*, 497 Mich 197, 235; 866 NW2d 782 (2015).

Although plaintiffs' second amended complaint alleges facts related to the two 2017 loans and the April 25, 2019 loan provided by Isaac Investments to Future Holdings, and alleges that Future Holdings agreed to repay the loans, it also alleges that the parties reached an amended agreement on April 25, 2019, which resulted in the April 25, 2019 promissory note that plaintiffs attached as Exhibit D to their complaint. Only Imad and Iyad were parties to that agreement, which, by its terms, stated that it "supersedes and replaces any previous notes for loans given on 5/17/2017 for $75,000, and 8/20/2017 for $15,000, and includes $100,000 received today 04/25/2019."[1] The factual basis for plaintiffs' breach-of-contract claim was Future Holdings' failure to pay the alleged debt as required by the April 25, 2019 promissory note. Plaintiffs alleged in their second amended complaint that "Future's failure to pay on the April '19 loan as required constitutes a breach of contract." It is undisputed that Future Holdings was not a party to the promissory note that is the basis for plaintiffs' breach-of-contract claim. Further, to the extent that plaintiffs' alleged that Future Holdings also promised to pay the debt evidenced by Imad's promissory note, such a promise is unenforceable under the statute of frauds, MCL 566.132(1)(b), unless it is in writing and signed by the party charged with the promise. Plaintiffs did not allege the existence of any such writing signed by Future Holdings. Additionally, even though an oral promise to pay one's own debt is not within the statute of frauds, *Barbour v Thomas*, 7 F Supp 271, 279 (ED Mich, 1933), any previous promises Future Holdings had made regarding repayment were superseded by the promissory note Iyad accepted.

---

[1] Although review of a motion under MCR 2.116(C)(8) is limited to the pleadings, MCR 2.116(G)(5), the trial court properly could consider the contents of the promissory note when reviewing Future Holdings' motion for summary disposition because plaintiffs attached the promissory note to their amended complaint, and therefore, it is considered part of the pleadings for all purposes. MCR 2.113(C)(1) and (2); *Abdelmaguid v Dimensions Ins Group*, *LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 361674); slip op at 5.

Accordingly, the trial court did not err by holding that plaintiffs failed to state a claim for breach of contract against Future Holdings and dismissing that claim under MCR 2.116(C)(8).

## IV. MONIES HAD AND RECEIVED AND UNJUST ENRICHMENT

Plaintiffs also argue that the trial court erred by dismissing their claims for monies had and received and unjust enrichment under MCR 2.116(C)(8). We agree.

### A. MONIES HAD AND RECEIVED

Michigan recognizes the quasi-contractual claim of monies had and received, which is based on the common-law claim of "assumpsit for money had and received," an equitable action grounded in the equitable principle that if a defendant holds money that is actually the plaintiff's, the plaintiff should be able to recover those funds. In *Youmans v Charter Twp of Bloomfield*, 336 Mich App 161, 213; 969 NW2d 570 (2021), this Court, quoting *Moore v Mandlebaum*, 8 Mich 433, 448 (1860), observed:

> [A]s a general rule, where money has been received by a defendant under any state of facts which would, in a court of equity, entitle the plaintiff to a decree for the money, when that is the specific relief sought, the same state of facts will entitle him to recover the money in this action.

In *Youmans*, this Court acknowledged that when the General Court Rules were adopted in 1963, assumpsit as a cause of action was abolished, but the substantive remedies underlying the claim remained available. *Youmans*, 336 Mich App at 213. This Court stated that "[a]n assumpsit claim is generally regarded as a claim that arises under 'quasi-contractual' principles which represent 'a subset of the law of unjust enrichment.' " *Id*. at 213-214, quoting *Genesee Co Drain Comm'r v Genesee Co*, 504 Mich 410, 421; 934 NW2d 805 (2019).

The factual allegations in plaintiffs' second amended complaint, accepted as true, indicate that Isaac Holdings loaned Future Holdings $75,000 and $15,000 in May 2017 and August 2017, respectively, and another $100,000 in April 2019, and that Future Holdings received the loan proceeds and deposited the funds into its bank account. Although only Imad signed a promissory note agreeing to repay the combined balance of $190,000, plaintiffs alleged that Imad did not pay back the money when payment was demanded and subsequently died in 2022, apparently without any assets. Despite that only Imad promised to repay the money, plaintiffs' allegations indicate that the funds from Isaac Investments were actually transferred to Imad's business, Future Holdings, and deposited into Future Holdings' bank account. These facts, accepted as true, are such that equity may be able to intervene to allow plaintiffs to recover their funds from Future Holdings, the party actually in possession of the $190,000 loaned by Isaac Investments with the expectation of repayment. Accordingly, we reverse the trial court's dismissal of plaintiffs' claim for monies had and received under MCR 2.116(C)(8).

### B. UNJUST ENRICHMENT

In *Meisner Law Group v Weston Downs Condo Ass'n*, 321 Mich App 702, 721; 909 NW2d 890 (2017), this Court set forth the elements of a claim for unjust enrichment as follows: "(1)

receipt of a benefit by the defendant from the plaintiff, and (2) which benefit it is inequitable that the defendant retain." [Citation and quotation marks omitted.]

Plaintiffs' allegations of unjust enrichment are not "so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160 (citation and quotation marks omitted). The factual allegations in support of this claim are that Isaac Investments loaned Future Holdings a combined total of $190,000, which Future Holdings deposited in its bank account. In addition to these allegations, plaintiffs attached as exhibits to their second amended complaint copies of checks from Isaac Investments and payable to Future Holdings, in the amounts of $15,000, $75,000, and $100,000, respectively, all of which are marked "loan" on the memo line, consistent with the allegations in plaintiffs' complaint. Because these checks were attached to the complaint, they are part of the pleadings. Only Imad signed a promissory note for the consolidated loan amount of $190,000, and the note indicates that it superseded and replaced any notes given for previous loans; plaintiffs' allegations, if accepted as true, demonstrate that the funds were actually received by Future Holdings and deposited into its bank account, which supports that Future Holdings received a substantial monetary benefit from Isaac Investments. It is unclear why only Imad signed the promissory note for repayment of the debt, and plaintiffs are unable to demonstrate that Future Holdings is contractually obligated to repay the loan proceeds because it was not a party to the promissory note. Nevertheless, plaintiffs' allegations that it would be inequitable to allow Future Holdings to keep $190,000 received from plaintiffs, which plaintiffs understood would be repaid, are not so clearly unenforceable as a matter of law that no factual development could possibly allow recovery. Accordingly, the trial court erred by dismissing the unjust-enrichment claim under MCR 2.116(C)(8).

## C. UNCLEAN HANDS AND RECOUPMENT

Plaintiffs argue that the trial court should have ruled that Future Holdings' defense of unclean hands is without merit. Also, Future Holdings argues that if this Court reverses the trial court's dismissal of any of plaintiffs' claims, it should consider the validity of Future Holding's equitable affirmative defense of recoupment. These arguments are related. In its brief in support of its motion for summary disposition, Future Holdings asserted that "Iyad's hands are unclean herein, as he owes Future $140,000 for his ill-advised efforts to build three new houses as a newly licensed contractor builder." Future Holdings' request for recoupment is based on these same allegations. Specifically, in its motion for summary disposition, Future Holdings asserted:

> Without formally pleading the Affirmative Defense of Recoupment at this point, since the instant motion is being filed in lieu of an answer to Plaintiffs' Second Amended Complaint, Defendant, Future Holdings, L.L.C. hereby places Plaintiff, Iyad Isaac, on notice that should this Court deny the instant Motion for Summary Disposition under MCR 2.116(C)(8) Recoupment will be sought by Future Holdings, L.L.C. from Iyad Isaac in the amount of One Hundred Forty Thousand Dollars ($140,000.00).

"The unclean-hands doctrine is 'a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the [opposing party].'" *New Prods Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 627; 953 NW2d 476 (2019) (citation

and emphasis omitted). "Any willful act that transgresses equitable standards of conduct is sufficient to allow a court to deny a party equitable relief." *Id.*

This Court has described recoupment as a crossclaim or counterclaim for damages, but it is also an affirmative defense that must be pleaded in a proper manner. *McCoig Materials, LLC v Galui Const, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012). Recoupment is grounded in equitable principles, and is based on the rationale that the plaintiff's claim against the defendant, based on equitable reasons and good conscience, should be reduced. *Id.* at 695. In its motion for summary disposition, Future Holdings explained, without any factual development, that to the extent that it is found liable for the unpaid loan amounts, it is entitled to reduce its liability by the amount of its loss from Iyad's prior failed building project. We decline to consider the merits of these defenses because they are not properly before this Court.

Future Holdings asserted the affirmative defense of recoupment in response to plaintiffs' first amended complaint and plaintiffs moved to dismiss that defense under MCR 2.116(C)(9). The trial court found that the validity of the defense was moot because the only claim against Future Holdings was for breach of contract and Future Holdings was not established as a party to a contract with plaintiffs. However, the trial court also permitted plaintiffs to file a second amended complaint. After plaintiffs filed their second amended complaint, Future Holdings filed its motion for summary disposition in lieu of filing an answer or affirmative defenses. Thus, when the trial court decided Future Holdings' second motion for summary disposition, Future Holdings had not yet filed an answer or any affirmative defense to plaintiffs' second amended complaint. Although Future Holdings addressed the defense of recoupment in its motion for summary disposition, it did so only in the context of expressing its intent to affirmatively assert the defense in answer to plaintiffs' second amended complaint should the trial court deny its motion for summary disposition.

Furthermore, in addition to requesting summary disposition of plaintiffs' contract claim under MCR 2.116(C)(7) on the basis of res judicata, Future Holdings only sought summary disposition of plaintiffs' remaining claims under MCR 2.116(C)(8), where the court's review is limited to the pleadings alone. Although Future Holdings discussed the potential applicability of the unclean hands doctrine and the defense of recoupment in its motion for summary disposition, the factual bases for those defenses is not apparent from the pleadings. Indeed, as mentioned, Future Holdings had not yet filed an answer or affirmative defenses to plaintiffs' second amended complaint. Clearly, whether Future Holdings can properly rely on the defenses of unclean hands and recoupment is dependent upon allegations and evidence that are not a matter of record. Therefore, it would be inappropriate and premature for this Court to address the potential availability of these defenses in this appeal.

Accordingly, we decline to consider the defenses of unclean hands and recoupment, without prejudice to Future Holdings properly asserting the defenses in answer to plaintiffs' second amended complaint and the parties' opportunity to raise and address the validity of any asserted defense in an appropriate motion.

       Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  No costs.

                                      /s/ Colleen A. O'Brien
                                      /s/ Michael J. Kelly
                                      /s/ Kathleen A. Feeney